


FILED IN COURT OF APPEALS
12th Court of Appeals District

OCT 08 2015

TYLER TEXAS
PAM ESTES, CLERK

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. PD–0228–14

### THE STATE OF TEXAS

v.

### TERENCE JOHNSON, Appellee

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW FROM THE TWELFTH COURT OF APPEALS HOUSTON COUNTY

**MEYERS, J., filed a dissenting opinion.**

### DISSENTING OPINION

I disagree that the destruction-of-a-flag statute is unconstitutionally overbroad. The statute is actually quite specific: "A person commits an offense if the person intentionally or knowingly damages, defaces, mutilates, or burns the flag of the United States or the State of Texas." TEX. PENAL CODE §42.11. It serves to keep people from destroying a symbol of our nation and state, which is exactly what Appellee did here. By

all accounts, he was not attempting to make any type of statement, so his conduct is not protected under the First Amendment. Although it is the flag's symbolism that provides it specialized protection under this statute, its use as a symbol of expression is exempted from prosecution and thus the limited enforcement of the statute will not produce a chilling effect on protected conduct. The State could just as easily promulgate a statute prohibiting the killing of a mockingbird, which as the State bird of Texas also has great symbolism, without infringing on the freedom of expression.

Because it is overkill to declare this statute unconstitutional when the real question is merely whether the State had sufficient evidence to convict Appellee of destruction of a flag, I respectfully dissent.

Filed: October 7, 2015

Publish